IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL PRINCE HODGES,**

    **Plaintiff,**

v.                                                                                                 **Civil Action No. 3:23cv218**

**DEPARTMENT OF SOCIAL SERVICES,**
*et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on *pro se* Plaintiff Michael Prince Hodges' Second Amended Complaint. (ECF No. 8.) The Court will construe Exhibit 18 as the Second Amended Complaint. (ECF No. 8-18.)

Hodges' Second Amended Complaint offends Federal Rule of Civil Procedure 8 (which requires a short and plain statement of the grounds for this Court's jurisdiction and a statement of the claims showing that the plaintiff is entitled to relief) and the Court's May 18, 2023 Order directives regarding the Second Amended Complaint. (ECF No. 7.)

The Court ordered that Hodges file a Second Amended Complaint because his Amended Complaint was "difficult to decipher and [did] not clearly identify (i) the specific claims that Hodges intends to assert; (ii) the factual basis for Hodges' intended claims; or (iii) the basis upon which this court can exercise subject matter jurisdiction over this action." (ECF No. 7, at 1.)

The Court ordered that the Second Amended Complaint comply with the following directions:

1. At the very top of the amended pleading, Hodges must place the following caption in all capital letters: "SECOND AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:23cv218."

2. The first paragraph of the particularized second amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized second amended complaint, Hodges must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Hodges must clearly identify each federal or state law allegedly violated. Under each section, Hodges must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized second amended complaint that support that assertion.

3. Hodges shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized second amended complaint must stand or fall on its own accord. Hodges may not reference statements in the prior complaints.

5. The particularized second amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

(ECF No. 7, at 3.)

The Court finds that Hodges' Second Amended Complaint does not comply with the clear instructions set forth in the Court's May 10, 2023 Order. (ECF No. 7.) Hodges does not "set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief." (ECF No. 7, at 3.) While he provides a lengthy list of laws allegedly violated, (ECF No. 8-18, at 7–24), he does not "list each defendant purportedly liable under [each] legal theory[,] explain why he believes each defendant is liable to him," or "reference the specific numbered factual paragraphs in the body of the particularized second amended

complaint that support [each] assertion." (ECF No. 7, at 3.) Again, Hodges submits a complaint that is difficult to decipher.

Pursuant to Federal Rule 41(b), the Court may dismiss an action when a plaintiff fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Zaczek v. Fauquier Cty.*, 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)) (explaining that a court may "act on its own initiative" with respect to dismissals under Federal Rule 41(b)).

Further, when a plaintiff is granted authorization to proceed *in forma pauperis*, the court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court has reviewed Hodges' Second Amended Complaint pursuant to this statutory screening obligation and concludes that the Second Amended Complaint, in its current form, fails to state a plausible claim for relief against the Defendants.

Accordingly, Hodges' Second Amended Complaint will be DISMISSED WITHOUT PREJUDICE. (ECF No. 7.)

An appropriate Order shall accompany this Memorandum Opinion.

It is SO ORDERED.

Date: 07/19/2023
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge

3